Law Offices
of

# André P. LaPlace

Counselor and Attorney At Law

SCOTT D. WELCH
(1958-1990)

2762 CONTINENTAL DRIVE
SUITE 103
BATON ROUGE, LA 70808

OFFICE (225) 924-6898
TOLL FREE (877) 778-0599
FAX (225) 924-6877
E-MAIL: alaw@andrelaplace.com
WEB: www.andrelaplace.com

October 25, 2010

Chesapeake Louisiana, L.P.  **U.S. CERTIFIED MAIL**
P.O. Box 18496  **RETURN RECEIPT REQUESTED**
Oklahoma City, OK 73154

Chesapeake Operating, Inc.  **U.S. CERTIFIED MAIL**
P.O. Box 18496  **RETURN RECEIPT REQUESTED**
Oklahoma City, OK 73154

RE:   Notice of underpayment of royalties

To Whom It May Concern:

Reference is hereby made to that certain Oil, Gas and Mineral Lease (hereinafter "the Lease") dated effective April 24, 2009 and executed by Jewel Williams, whose address is 11528 Morton Road, Keithville, LA 71047, as lessor in favor of Chesapeake Louisiana, LP, lessee, which lease is recorded under Entry No. L0223419 of the Conveyance Records of Caddo Parish, Louisiana. Said lease covers lessor's interest in the North Half of the Northeast Quarter of Section 28, Township 15 North, Range 16 West, Caddo Parish, Louisiana. Reference is hereby made to the said lease for a full description of the property covered thereby.

Reference is also made to the Haynesville Formation, sometimes commonly referred to as the Haynesville Shale, a rock formation containing oil and gas and lying approximately 10,500 to 13,000 feet sub-surface in northwestern Louisiana, southwestern Arkansas and eastern Texas. Upon information and belief, the most productive areas have been Caddo, Bienville, Bossier, DeSoto, Red River and Webster Parishes of Louisiana plus adjacent areas in southwest Arkansas and east Texas.

This letter shall serve as notice of non-payment and underpayment of royalties given pursuant to Article 137 of the Louisiana Mineral Code, LSA-R.S. 31:137. The details of this notice are as follows:

This notice of non-payment and underpayment of royalties is provided to Chesapeake Louisiana, LP, Chesapeake Operating, Inc., and all their affiliates, subsidiaries and assignees owning leasehold interests in the Haynesville Formation (hereinafter sometimes collectively referred to as "Chesapeake").

This notice of non-payment and underpayment of royalties is provided by or on behalf of Jewel Williams, aforementioned grantor of the Lease, who owns royalty interests in natural gas that was produced and/or marketed from the Haynesville Formation by Chesapeake.

Pursuant to the terms of the Lease, Chesapeake owes an obligation to the grantor of the Lease to pay royalties based on the terms of such lease. Chesapeake has sold the natural gas produced from the property of Jewel Williams for below market value. Jewel Williams has been underpaid royalties based upon natural gas produced but sold by Chesapeake for below market value.

Instead of paying royalties based upon the full value of natural gas, inclusive of hydrocarbons processed and sold separately from the gas stream, Chesapeake employs a scheme whereby the gas is first transferred to its gathering subsidiary (believed to be Chesapeake Energy) who ostensibly conducts the first true sale to a bona fide third party purchaser. Chesapeake and/or Chesapeake Operating is paid a fictitious price by its wholly owned subsidiaries that is substantially less than 100% of the price received from the first bona fide purchaser and also substantially less than either the market value at the well or the amount actually received by Chesapeake. The fictitious price received by Chesapeake Operating is ultimately utilized by Chesapeake Operating to compute royalties due to Jewell Williams, resulting in a substantial underpayment of royalties. In other words, upon information and belief, Chesapeake has paid royalties on an artificially contrived sales price via phantom transactions with related entities in order to conceal the actual amounts to which Jewell Williams has been and is entitled.

Upon information and belief, Jewell Williams hereby provides notice that Chesapeake has breached its obligation to reasonably market the gas produced from the Lease in the Haynesville Formation by entering into marketing and processing agreements with affiliated entities that offer less favorable terms than would have been available via transactions negotiated with independent third parties. Instead of marketing the gas produced from Jewell Williams' premises with due diligence and as a reasonably prudent lease operator to obtain the best price reasonably possible, Chesapeake has sold the gas produced from the leased premise to affiliated entities for artificially low prices in an effort to profit from the difference in correspondingly lower royalty payments and the higher actual prices for the gas produced. As a result, Chesapeake has also underpaid the difference between the royalties that would have been paid on the price that could have been achieved in an arms-length transaction and the royalties that

were actually paid based on the affiliated sales price.

Because all payment formulas, affiliate and non-affiliate contractual relationships, and all calculations are exclusively in the control of Chesapeake, Jewel Williams is unable to determine all ways in which royalties are being underpaid by Chesapeake. Among other ways in which Chesapeake may be underpaying royalties to Jewel Williams are the following:

(1) By basing royalty payments upon prices that were below market value (the highest prices obtainable for natural gas of like kind, character, and quality, at the times of production with reasonable effort;
(2) Manipulating the selection from among various index prices to achieve an artificially low price for gas valuation;
(3) Improperly deducting processing fees related to obtaining marketable natural gas. By failing to pay natural gas royalties based on arms-length sales, Chesapeake should account and pay for any differences between what proper pricing would yield and pricing actually used;
(4) Failing to pay royalties on heavy hydrocarbons that condense in the pipeline and are recovered;
(5) By using a starting price paid for natural gas that is too low because of, among other things, self dealing sales prices to affiliates being included among the prices for royalty calculation purposes;
(6) The volume paid to Jewel Williams and reflected on her checkstubs is less than is produced from the wells in the Haynesville Formation because of, among other things, Chesapeake improperly deducting in-kind gas used in the gathering and processing, and lost in the gathering line; and
(7) Deducting (in-kind) costs from placing the gas in marketable condition, such as gathering, treating, conditioning, dehydrating, compressing, processing, or other improper deductions.

Within thirty (30) days of receipt of this notice, and pursuant to the Louisiana Mineral Code, LSA-R.S. 31:138, *et seq.*, Chesapeake must pay to Jewel Williams all aforementioned unpaid and underpaid royalties from the Lease or, alternatively, respond to Jewel Williams by providing written reasonable cause for nonpayment.

Very truly yours,

André P. LaPlace