**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JEWEL WILLIAMS | CIVIL ACTION NO. 10-1906 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CHESAPEAKE LOUISIANA, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

## **MEMORANDUM ORDER**

After sending her individual notice pursuant to Louisiana Mineral Code Article 137 as a prerequisite to filing suit, Plaintiff Jewell Williams ("Plaintiff") filed a Complaint against Defendants Chesapeake Operating, Inc., Chesapeake Energy Corp., and Chesapeake Louisiana LP ("Defendants" or "Chesapeake"). She filed both individually and on behalf of a putative class of similarly situated plaintiffs seeking a declaration that Chesapeake Louisiana breached its obligations under the Mineral Lease(s), that Defendants violated their obligations under the Louisiana Mineral Code, and to recover for allegedly unpaid or underpaid royalties on natural gas. [Record Document 1]. Specifically, Plaintiff alleges Chesapeake Louisiana has engaged in a scheme to sell the gas produced from the leased premises to affiliated or associated entities at a price below market value in an effort to profit from substantially reduced royalty payments. Plaintiff provided written notice to Chesapeake Louisiana, Chesapeake Operating, "all their affiliate subsidiaries and assignees owning leasehold interests in the Haynesville Formation" of the alleged non-payment and underpayment of royalties. [Record Document 1, Exhibit B ("Notice Letter")]. The Notice Letter specifically references, and relates only to, the Mineral Lease executed by Plaintiff in favor of Chesapeake Louisiana. Id.

Defendants now seek to strike the class allegations from Plaintiff's Complaint

placing squarely before the court the issue of whether Plaintiff's individual notice satisfies the notice prerequisite on behalf of the entire putative class. For the reasons outlined below, this Court holds: 1.) Under La. R.S. 31:137 pre-suit notice is a necessary prerequisite to file suit for unpaid/underpaid mineral royalties; and 2.) Plaintiff's individual notice does NOT satisfy the notice requirements on behalf of the putative class. Defendants' Motion to Strike Class Allegations [Record Document 6, ¶ 51] is **GRANTED**.

Plaintiff has filed this action on her own behalf and on behalf of a putative class composed of:

> All non-public juridical persons (including but not limited to, natural persons, corporations, partnerships, trusts, limited liability corporations, joint ventures, estates, guardians, tutors, etc.) who own or owned royalty interests in natural gas production in Louisiana from three years prior to filing herein, to date: whose natural gas was produced and marketed by Defendants or its wholly owned affiliates or entities; whose royalty payments for such natural gas production was calculated and/or made by Defendants and whose royalty payments were based upon prices below "market value."

Id. at ¶ 40.

Although Plaintiff submitted written notice to Defendants regarding the alleged royalty non-payments and underpayments, Plaintiff alleges in her Complaint that written notice is not required under Article 137 of the Louisiana Mineral Code because she is only seeking "unpaid royalties" rather than "damages." [Record Document 1 at n.1]. Alternatively, if notice is required pursuant to Article 137, Plaintiff alleges the Notice Letter submitted on her behalf with respect to her individual lease "is sufficiently detailed to provide formal notice for all similarly situated plaintiffs." Id. Chesapeake now moves to strike the class allegations from Plaintiff's Complaint on the ground that

written notice is a prerequisite to a suit for failure to pay or underpayment of royalties and that such notice cannot be provided on a "class-wide" basis. [Record Documents 6, 8]. Plaintiff argues Chesapeake Louisiana's motion should be denied as premature because the record has not been sufficiently developed for the Court to determine whether the class action certification requirements of Rule 23 have been satisfied and because Article 137 does not require pre-suit notice for claims of "unpaid royalties" as opposed to "damages". [Record Document 15].

## LAW AND ANALYSIS

A mineral lessor seeking proper payment of royalties is required to follow the procedure established by the Louisiana Mineral Code. See La. R.S. 31:137 et seq. Article 137 provides:

> If a mineral lessor seeks relief for the failure of his lessee to make timely or proper payment of royalties, he must give his lessee written notice of such failure as a prerequisite to a judicial demand for damages or dissolution of the lease.

La. R.S. 31:137. Once the mineral lessor gives written notice of the failure to make timely or proper royalty payments, Article 138 allows the mineral lessee thirty (30) days to either pay the royalties due or provide a written response stating a reasonable cause for nonpayment.[1] If the mineral lessee pays the royalties due within thirty (30) days of receipt of the notice, Article 139 provides that the remedy of dissolution is no longer available to the mineral lessor unless it is proven that the mineral lessee fraudulently

---

[1]Article 138 provides:

> The lessee shall have thirty days after receipt of the required notice within which to pay the royalties due or to respond by stating in writing a reasonable cause for nonpayment. The payment or nonpayment of the royalties or stating or failing to state a reasonable cause for nonpayment within this period has the following effect on the remedies of dissolution and damages.

3

withheld payment.[2] If, however, the mineral lessee fails to pay the royalties due or fails to state a reasonable cause for nonpayment, Article 140 provides that the court may award as double damages the amount of royalties due and reasonable attorney's fees, and may also dissolve the lease in its discretion.[3] "It is the intent of Articles 137-141 to provide lessors with a meaningful remedy while simultaneously giving operators who have made substantial investments in producing properties the security of title which the nature and size of their investment deserves." La. R.S. 31:137, Official Comments. "The total effect of the articles is to provide an impetus to timely payment of royalties due, while giving lessees a reasonable way in which to avoid the harsh remedy of cancellation." Lewis v. Texaco Explor. & Prod. Co., 698 So.2d 1001, 1009 (La.App. 1 Cir. 1997). "It also affords the lessee an opportunity to evaluate a non-payment

---

[2]Article 139 provides:

> If the lessee pays the royalties due in response to the required notice, the remedy of dissolution shall be unavailable unless it be found that the original failure to pay was fraudulent. The court may award as damages double the amount of royalties due, interest on that sum from the date due, and a reasonable attorney's fee, provided the original failure to pay royalties was either fraudulent or willful and without reasonable grounds. In all other cases, such as mere oversight or neglect, damages shall be limited to interest on the royalties computed from the date due, and a reasonable attorney's fee if such interest is not paid within thirty days of written demand therefor.

[3]Article 140 provides:

> If the lessee fails to pay royalties due or fails to inform the lessor of a reasonable cause for failure to pay in response to the required notice, the court may award as damages double the amount of royalties due, interest on that sum from the date due, and a reasonable attorney's fee regardless of the cause for the original failure to pay royalties. The court may also dissolve the lease in its discretion.

situation and to make a decision regarding whether the royalties allegedly due should be paid." Id.

It is well-established that the notice requirements set forth in Article 137 are an indispensable prerequisite to a judicial demand for damages or dissolution of the lease. Chevron USA, Inc. v. Vermillion Parish School Board, 128 F.Supp.2d 961, 965 (W.D.La. 2001), aff'd, 377 F.3d 459 (5th Cir. 2004); Lewis, 698 So.2d at 1009; Rivers v. Sun Explor. & Prod. Co., 559 So.2d 963, 969 (La.App. 2 Cir. 1990). Plaintiff argues that she is not seeking "damages" but is only seeking the return of any unpaid royalties, therefore written notice under Article 137 is not required to pursue the claims asserted in this matter. [Record document 15]. Nevertheless, Louisiana courts have consistently held that a mineral lessor does not have a right of action to complain of the mineral lessee's failure to make timely or proper royalty payments until he gives written notice as required by Article 137. Chevron, 128 F.Supp. at 965; Lewis, 698 So.2d at 1009; Rivers, 559 So.2d at 969. In fact, Article 137 has been interpreted to require written notice as a prerequisite to all royalty litigation. Wilson v. Palmer Petroleum, Inc., 706 So.2d 142, 146 (La.App. 1 Cir. 1997); see also, La. R.S. 31:137, Official Comments ("Article 137 contemplates that at any time there has been a nonpayment of royalties, the lessor must notify the lessee."); Chevron USA, Inc. v. Vermillion Parish School Board, 377 F.3d 459, 462 (5th Cir. 2004) ("Article 137 requires a mineral lessor to give his lessee written notice of his claim of failure to make timely or proper payment of royalties as a prerequisite to a judicial demand, i.e. filing suit seeking relief.").

There is no dispute that the Notice Letter submitted on Plaintiff's behalf satisfies the requirements of Article 137 with respect to her individual claims; rather, the issue before the Court is whether Plaintiff's Notice Letter satisfies the notice requirement as

5

to the putative plaintiff class. Plaintiff alleges her Notice Letter "is sufficiently detailed to provide formal notice for all similarly situated plaintiffs," but her argument again fails to consider the binding jurisprudence which this Court is bound to follow. In Chevron, after examining the issue of whether written notice can be given on behalf of a putative class, the Fifth Circuit concluded "that the notice given of a lessee's failure to make timely or proper payment of royalties on behalf of a putative class does not satisfy the requirement of the Louisiana Mineral Code for the unnamed members of the class." Chevron, 377 F.3d at 461. The Fifth Circuit recognized that the notice and response system established by the Louisiana Mineral Code is incompatible with allowing notice to be given on a class basis, rather than by each individual lessor or royalty owner. Id. at 463. The Court reasoned that:

> [p]ermitting the demand to be made on a class basis, especially in a case such as this,[4] would deprive the lessee of any real ability to respond with the relatively short time period allowed and upset the balance of rights between lessor and lessee carefully established by the Louisiana Legislature in Mineral Code Articles 137 to 141.
>
> * * *
>
> Allowing class notice increases the burden of responding to an Article 137 notice by the additional complexity necessarily related to multiple and unidentified lessors, multiple leases, multiple contracts between lessees and their purchasers of oil and gas, and expanded geographic area with no clear provision that the lessees would be protected in the event that they are unable to resolve the question raised in the notice within the thirty day period allowed for a response.

Id. at 463-64.

---

[4]Similar to the proposed putative class in Chevron, Plaintiff estimates the number of class members "to be at least in the thousands." [Record Document 1 at ¶ 41(2)].

Consequently, based on the Fifth Circuit's decision in Chevron, the Court finds as a matter of law that Plaintiff's Notice Letter is insufficient to satisfy the notice requirement of Article 137 with respect to the putative plaintiff class members.

As a final matter, the Court notes that Plaintiff argues the motion to strike class allegations should be denied as premature and that the Court should reserve ruling until it has the opportunity to consider the class certification requirements of Rule 23.[5] While most cases necessitate a certain amount of discovery to properly address the issue of class certification, district courts have the power to dismiss class allegations where it is facially apparent from the Plaintiff's Complaint that a class action cannot be certified. See e.g., John v. Nat. Sec. Fire & Cas. Co., 501 F.3d 443, 445 (5th Cir. 2007); Aguilar v. Allstate Fire & Cas. Ins. Co., 2007 WL 734809, *2 (E.D.La. Mar. 6, 2007). Here, in the absence of the requisite written notice under Article 137, the putative class members do not have a substantive right of action to seek unpaid royalties in this matter. Any further motion practice or hearings to determine whether the Rule 23 requirements had been satisfied would be futile. See Chevron USA, Inc. v. Vermillion Parish School Board, 215 F.R.D. 511, 514-15 (W.D.La. 2003).

## CONCLUSION

Accordingly, for the reasons stated herein,

---

[5] Rule 23(a) of the Federal Rules of Civil Procedures sets forth four prerequisites for certifying a class action: (1) a class "so small that joinder of all members is impracticable;" (2) "there are questions of law or fact common to the class;" (3) the claims or defenses of the representative parties are typical of the claims of defenses of the class;" and (4) the representative parties will fairly and adequately protect the interests of the class. In addition, a party seeking class certification under Rule 23(b)(3) must demonstrate "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

**IT IS ORDERED** that Chesapeake's Motion to Strike Class Allegations [Record Document 6, ¶ 51] be and is hereby **GRANTED**, and that Plaintiff's class allegations be and are hereby **STRICKEN** from her Complaint, leaving Plaintiff to pursue only her individual claim for the amount of unpaid royalties.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Class Certification [Record Document 21] be and is hereby **DENIED as moot.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 13th day of May 2011.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE